### WALLIS FORD v. THE STATE.

#### No. 2888.    Decided December 16, 1903.

**1.—Local Option—Sale—Consideration—Charge.**

Where appellant was shown to have sold several bottles of whisky to the alleged purchaser, taking in exchange therefor checks of the Kirby Land Company, which said checks were redeemable at said company's store in goods, but not in money without discount; Held, the contention of appellant, which the court refused to give in its charge, that this was not a sale founded on a money consideration, was without merit.

**2.—Continuance—Process—Diligence.**

A motion for continuance was asked for testimony of an absent witness who resided in H. County, for whom process had been issued to that county on October 12, 1903 (the indictment having been returned on May 26 and appellant tried on October 21, 1903), and which said process was not executed because the witness could not be found; Held not to be diligence, no process having been called for until months after return of the indictment.

### 3.—Same—Evidence—General Statement.

Where defendant expected to prove by the absent witness that he was living with defendant at the time of the alleged offense, and was intimately connected with his business and actions during the time alleged in the indictment, and that he never sold, nor was he interested in the sale of intoxicating liquor during said time; Held, the evidence was entirely too general to entitle defendant to a continuance.

Appeal from the District Court of Jasper. Tried below before Hon. W. P. Nicks.

Appellant was charged by indictment with a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The case is stated in the opinion.

No brief for appellant found in the record.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The facts show he sold several bottles of whisky to the alleged purchaser, and took in pay therefor checks of the Kirby Lumber Company. These checks are shown to be redeemable at the company's store in goods, but money could not be gotten for them without discounting. Appellant contended, and asked the court to so charge, that in order to constitute a sale on this sort of transaction it must be founded on a money consideration, by which the property is transferred from the seller to the buyer. This contention is without merit.

Appellant moved for a continuance for the testimony of Davis, who resided in Hardin County. His process was issued on October 12, 1903, and sent to Hardin County, where it was not executed, because the witness could not be found. This was not diligence. The indictment was returned on May 26th, and appellant tried on October 21, 1903. No process, so far as this application shows, was called for until October 12th, months after the return of the indictment, and only a few days before the trial. He expected to prove by this witness that he was living with defendant at the time of this offense and intimately connected with his business and actions, and during the time he lived with him and at the time alleged in the indictment he never sold nor during said time was he interested in the sale of intoxicating liquor. These statements are entirely too general. These are the two questions urged for reversal. There is no merit in either. The judgment is affirmed.

*Affirmed.*