### Walter Wooten v. The State.

#### No. 3540.    Decided May 1, 1907.

**1.—Assault to Rape—Insanity—Presumption—Charge of Court.**

Upon a trial for assault to rape, where evidence was introduced to show that defendant had been insane since childhood, so as to render him irresponsible for crime, and this condition continued until the time of the alleged offense, the court should have charged that the presumption of insanity continued.

**2.—Same—Aggravated Assault—Charge of Court.**

Where upon trial for assault to rape, the facts were such that they called for a charge of aggravated assault, the same should have been given.

Appeal from the District Court of Washington. Tried below before the Hon. E. R. Sinks.

Appeal from a conviction of assault to rape; penalty, two years imprisonment in the penitentiary.

The following statement is taken from appellant's brief and is substantially correct. Prosecutrix statement: Her testimony in substance is, that she was going after her calves which were in appellant's father's pasture and that she met the appellant after she had gotten her calves, and he asked her what she was doing with his calves, and she told him they were not his calves and he again said that they were; that he then caught hold of her hand or attempted to catch hold and a negro came up, and he turned her hand loose and went into the bushes; that after the negro had left he ran. after her and overtook her, and that he asked her to go with him to the branch; that she would not do it; that he then hit her with a stick on the head and she began to holler; that he then threw the stick away and grabbed her by the throat; and then tried to throw her down and said to her, "Come on, Come on, I ain't going to bother you." He did not knock her down; while he had hold of her, her dog bit him and he turned her loose and she went on home; he made no effort to fondle her nor did he attempt to raise her dress or feel of her privates; that she was in about 100 yards of her home when this occurred. The testimony will further show that appellant did not go home but walked on to town, a distance of about six miles and stood around a skating rink and in a little while thereafter went over to the constable's house and reported to him that he wanted to give up that he had knocked a Polander woman in the head with a stick; that the constable told him to come in and go to bed; the constable testifying in this case that he knew the boy and didn't pay any attention to what he said, and that the next morning he sent for his father to come and get him.

*J. M. Mathis,* for appellant.—There is abundance of evidence in the record showing the boy to be of unsound mind from his birth, the father of appellant testifying that insanity was hereditary in his family, that an aunt died in the asylum, also an uncle. Dr. Rogers also testified that he had been the family physician for appellant's grandparents, on his mother's side, and that the entire family were weak-minded and eccentric. Sims v. State, 17 Texas Ct. Rep., 962; Webb v. State, 5 Texas Crim. App., 596; Hunt v. State, 33 Texas Crim. Rep., 253.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault to rape, the punishment assessed being two years in the penitentiary. He requested the court to charge the jury, in substance, that if it has been shown by a preponderance of the evidence that the defendant was insane at any time before the commission of the crime, charged in the indictment, then such insanity is presumed to continue, and the burden of proof is upon the State to show that the defendant afterwards became sane, and while in that condition committed the crime charged in the indictment. Without commenting upon whether

this charge was asked in the language in which it should have been given, the matter called to the attention of the court by the charge was, we think, necessary to be given in this case. A number of witnesses were introduced to show that appellant had been insane, sufficiently so to show him irresponsible for crime since his childhood, and this state of mind, under the testimony for the defense, continued to the time of the act charged against him. In Sims case it was said: "The rule, we think, is correctly stated that where insanity is admitted or proved to exist, it is presumed to continue, but this presumption as we understand it, only arises where insanity is continuing and permanent. See Sims v. State, 17 Texas Ct. Rep., 962, and 22 Cyc., p. 1116. We think the rule is correctly stated in the Sims case so far as it applied to that case. We were not there laying down the rule for all phases of that question as it might be presented, but the issue was presented in this case as in the Sims case, but with much more cogent testimony, and the facts here, as under the Sims case, come within the rule laid down in the Sims case. See also Hunt v. State, 33 Texas Crim. Rep., 253.

It is contended also that the court should have charged in regard to aggravated assault. We are of opinion that under the facts adduced on the trial, the court should have given a charge with reference to this question. We deem it unnecessary to review the testimony in regard to this phase of the case.

The questions with reference to newly discovered testimony will not be reviewed. Upon another trial these witnesses can be obtained and the testimony used.

For the errors discussed the judgment is reversed and the cause is remanded.                                    *Reversed and remanded.*