DOUGLASS v. STATE.  (No. 3047.)

(Court of Criminal Appeals of Texas. April 8, 1914.)

1. WITNESSES (§ 45*) — COMPETENCY — CHILDREN.

A child eight years old, who shows on her voir dire examination that she can relate the transactions as to which she will be interrogated as a witness, and understands the nature of an oath and that she will be punished if she does not tell the truth, is properly permitted to testify.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 104–107; Dec. Dig. § 45.*]

2. WITNESSES (§ 79*) — COMPETENCY—CHILDREN—PRESUMPTIONS.

A child over 14 years old is presumptively competent to testify.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 201–204, 216; Dec. Dig. § 79.*]

3. CRIMINAL LAW (§ 1158*)—WITNESSES (§ 79*)—COMPETENCY—CHILDREN.

The competency of a child under 14 years of age to testify must be determined by an examination by the court, and its decision will not be disturbed in the absence of an abuse of discretion to the prejudice of the party complaining.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066, 3070, 3071, 3074; Dec. Dig. § 1158;* Witnesses, Cent. Dig. §§ 201–204, 216; Dec. Dig. § 79.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. RAPE (§ 48\*)—EVIDENCE—STATEMENTS.**

The detailed statements of a child eight years old made to the first person she met after she had been raped, were not admissible, unless a part of the res gestæ, and, where the interval between the assault and the meeting of such person was not shown, the proof of the statements could not be justified.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 67–69; Dec. Dig. § 48.\*]

**5. CRIMINAL LAW (§ 530\*) — CONFESSIONS — EVIDENCE—ADMISSIBILITY.**

A confession reduced to writing and proved by three witnesses is properly admitted in evidence.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 530.\*]

**6. CRIMINAL LAW (§ 1169\*)—HARMLESS ERROR —ERRONEOUS ADMISSION OF EVIDENCE.**

Where all the legal testimony, including the confession of accused, showed his guilt beyond question, and the only defense offered was want of sufficient intelligence, error in admitting improper testimony of guilt was not reversible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 754, 3088, 3130, 3137–3143; Dec. Dig. § 1169.\*]

**7. CRIMINAL LAW (§§ 311, 331\*)—INSANITY — DEFENSE—BURDEN OF PROOF.**

The rule that if accused was, at any time prior to the commission of the offense, insane, the law presumed that the condition existed at the time of the offense, unless the state established beyond a reasonable doubt that at that time he was of sound mind, applies only where, prior to the offense, accused had been legally adjudged insane, or it had been admitted or conclusively proved on a trial had prior to the offense that he was insane, and in other cases accused has the burden to show his mental incapacity to commit the crime at the time of its commission.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 742–744; Dec. Dig. §§ 311, 331.\*]

**8. CRIMINAL LAW (§ 331\*) — INSANITY — DEFENSE—EVIDENCE.**

Where the state shows beyond a reasonable doubt that accused committed crime, and he relies on mental irresponsibility, he has the burden of showing that fact, notwithstanding the presumption of innocence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 742–744; Dec. Dig. § 331.\*]

**9. RAPE (§ 52\*)—EVIDENCE—SUFFICIENCY.**

Evidence *held* to sustain a conviction of rape on a child under the age of consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 71–74, 76; Dec. Dig. § 52.\*]

**10. RAPE (§ 64\*)—PUNISHMENT—SENTENCE.**

Where the jury, finding accused guilty of rape, fixed his punishment at 35 years, the sentence, in view of the indeterminate law, must be a sentence of imprisonment for not less than 5 years nor more than 35 years.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 105; Dec. Dig. § 64.\*]

Davidson, J., dissenting.

Appeal from District Court, McLennan County; E. C. Street, Special Judge.

Will Douglass was convicted of crime, and he appeals. Affirmed.

Edgar Harold and Blair Stribling, both of Waco, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of rape on an eight year old girl, and prosecutes this appeal.

Jimmie Hickey testified that appellant came to him and offered him a nickel to go and get Lucile House to come out there—they wanted her at the courthouse—and he did go and get her for him. Lucile House testified that appellant told her her mother wanted her to come to the courthouse; that she got ready and went with appellant, and, instead of him carrying her to the courthouse, he carried her out in the woods and raped her. She was examined by a doctor, and it was conclusively shown that she had been raped.

[1-3] Appellant objected to Jimmie Hickey testifying, who was only nine years old, and Lucile House, who was only eight years old, on the ground that, they were incompetent witnesses. Appellant submits a sound proposition of law, that children who, after having been examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the nature and obligation of an oath, are incompetent as witnesses. But this record discloses that, when these witnesses were questioned in regard to this transaction, they do possess sufficient intelligence to correctly and intelligently relate the transactions about which they are interrogated. The little girl especially seems to possess more than average intelligence for negro girls of her age, while the boy details exactly what he did and his connection with the transaction. As regards the obligation of an oath: The boy said he knew the clerk swore him to tell the truth, and that they would put him in jail if he did not do so. The girl testified that she goes to school, knows her A B C's, and can read and write; that she knew she had sworn to tell the truth and she would be put in jail if she did not do so. Our law has wisely placed this matter within the discretion of the trial judge, and we would only be authorized to disturb his finding where an abuse of discretion has been shown. We do not think this record discloses any abuse in this respect, but the voir dire examination of these witnesses show a careful, painstaking investigation of their competency as witnesses, and it has often been held by this court there is no precise age within which a child is held incompetent to testify. At the age of 14 a person is presumed to be competent. Under that age his competency is practically determined by an examination in respect to natural intelligence, etc., and, unless it be made clearly to appear that in admitting the testimony of a child the court below abused its legal discretion to the prejudice of the accused, this court will not reverse his ruling. Brown v. State, 2 Tex. App. 115; Ake v. State, 6 Tex. App. 398, 32 Am. Rep.

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

586; Burke v. State, 8 Tex. App. 336; Williams v. State, 12 Tex. App. 127; Taylor v. State, 22 Tex. App. 529, 3 S. W. 753, 58 Am. Rep. 656; Hawkins v. State, 27 Tex. App. 273, 11 S. W. 409; Parker v. State, 33 Tex. Cr. R. 111, 21 S. W. 604, 25 S. W. 967; Oxsheer v. State, 38 Tex. Cr. R. 499, 43 S. W. 335. In the cases above cited will be found the rule clearly announced, and in hardly any of them were the children possessed of more ability to correctly and intelligently relate the transaction inquired about than do these two children, and in some of them not near so much intelligence is disclosed.

[4] In another bill it is shown that Lucile House, on her way from the place she was carried by appellant and raped, met her uncle, King Washington, he being the first person she met, and he was permitted to detail what she told him. He said that when he met her he asked where she had been, and she said: "'I have been in the country.' I asked her what she went out there for, and she said, 'That man carried me out there.' I suppose that was along something after 4 o'clock. I picked her up and asked her what man, and she said, 'Mr. Douglass.' She said, 'He carried me out in the woods.' I says, 'What did he do?' She says, 'He laid me down.'" The court says he admitted this testimony because this was the first person the little girl met after she had been raped appellant. The record does not disclose the length of time elapsing from the time she left appellant until she met her uncle, and he says she was excited, but we hardly think the state makes a case which would render this testimony admissible as res gestæ, and the fact that it was the first person she met would not render it admissible, unless it comes within the res gestæ rule. So hold all of our decisions, beginning with Pefferling v. State, 40 Tex. 487, on down to the present time. But is it such error as should cause a reversal of the case? In the record before us there is no effort made to show that appellant did not in fact have carnal intercourse with this girl. The evidence and all the evidence shows that he did; the only defense made being that appellant was a person of weak intellect from his birth, and that he had not sufficient intelligence to know right from wrong.

[5] The record contains a confession made by appellant which reads:

"The State of Texas, County of McLennan. I, General Douglass, being under arrest and charged with the offense of rape and being warned by Jno. B. McNamara that I do not have to make any statement or confession at all in reference to said charge and accusation against me, and that any statement which I might make in reference to said charge against me may be used in evidence against me on my trial for the offense concerning which my statement and confession is herein made, do freely and voluntarily and without compulsion or persuasion make to the said Jno. B. McNamara the following statement and confession: Last Saturday April 12, 1913, I was down to Mrs. House's home. She lives down near River street. Lucile House was there. She is a negro girl. I told her to come and go with me to where I worked and I would buy her a dress. She went with me out N. 5th St., and when we got near the end of N. 5th St. we went into some brush, and we lay down on the ground. I pushed her over, and when I did she said, 'Don't do that.' As I pulled her over I pulled my tool out and got on her, and tried to get it in her and stayed on her about ten minutes. I came all right—I mean by this that I got my gun off. When I come the smear went all over her legs and clothes and on my old hat. I took Lucile away from home to get a little from her. I never intended to buy her a dress—I told her that to get her to go with me. I come on back to town with Lucile and went to within a block of her house. I did not go on home with her because I knew I did wrong. I call Lucile about 8 years old. Witness my hand this 14th day April, 1913.

                . his
      "General X Douglas.
              mark

"Witness: James Hays Quarles. Lee Jinkins."

This confession, proven up as it was by three witnesses, was properly admitted in evidence, and it, together with all the testimony properly admitted on the issue of rape, renders the testimony of the witness King Washington harmless error.

[6] If there was any evidence tending to show that she had not in fact been raped, or, if raped, that appellant was not the person guilty of the offense, we would not so hold; but when the legal testimony and all the testimony proves these facts beyond question, and his confession admitting the offense being in the record, and the only defense offered being a lack of sufficient intelligence to be amenable to the law, the case should not be reversed because of the admission of this improper testimony. It added nothing to the strength of the case made by the state under these circumstances, and it has always been the rule in this court that under such circumstances the case will not be reversed. Tinsley v. State, 52 Tex. Cr. R. 95, 106 S. W. 347.

[7] Appellant requested two special charges in which he asked the court to charge the jury, if they believed that at any time prior to the date of the commission of the offense the defendant was insane, or an idiot, or an imbecile, the law would presume that this condition existed at the time of the commission of the offense, unless the state established beyond a reasonable doubt that at the time the offense was committed appellant was of sound mind. This is the law, as shown in the case of Witty v. State, 153 S. W. 1146, only in those cases where prior to the commission of the offense the person on

trial has been legally adjudged insane or it is admitted or proven conclusively on the trial had prior thereto that he had been insane. In all other cases, while all testimony which would tend to show that he was insane or an idiot, or an imbecile, at the time of the commission of the offense, would be admissible, no matter how remote, yet under the decisions of this court the burden of proof is on the defendant to show his mental incapacity to commit crime at the time of its commission, and the court did not err in so instructing the jury in his main charge, and this issue was fairly presented in the main charge and in the charge given at appellant's instance, reading as follows: "Gentlemen of the Jury: You are charged that the law does not require the defendant to establish his insanity beyond a reasonable doubt, but the law requires that he establish it by a preponderance of the evidence, and, if you find that he has established his insanity by a preponderance of the evidence, you will acquit him."

[8] The defendant also requested the court to instruct the jury that, while the law presumes that all men are sane, yet this presumption is subordinate to the presumption of innocence. While this is the law in some states, that, when the question of insanity is raised by the testimony, the state must prove sanity beyond a reasonable doubt, yet this has never been the rule in this state, and this court has always adhered to the rule that when the state shows that the crime was committed by the person on trial beyond a reasonable doubt, and he seeks to avoid its consequences by proof that he was not mentally responsible for his acts, the burden is on him to so show.

[9] The only other ground we need discuss is the sufficiency of the testimony. That it shows that appellant raped the little girl is beyond all question, but the testimony introduced by appellant does tend to show that he is a person of weak intellect from his birth; yet the facts attendant upon this crime would lead one to almost conclusively conclude that he knew this crime was wrong. He met the mother up in town attending court; he goes down to the mother's residence, and, finding the little girl at a neighbor's, he sends a boy to her to tell her that her mother has sent for her to come to the courthouse. He also tells this to the little girl to get her to go with him; takes her to the woods, where no prying eyes can see, and where no ears can hear her protests. He beguiles her with promises, and then commits the offense. His whole acts and conduct show sufficient intelligence to lead any one to believe that, as soon as he saw the mother and brother uptown, he conceived the idea of seducing this girl away from her home; to think up a plausible story to induce her to leave her home with him; to take her to a secluded spot and there make fair promises, in order to accomplish his purpose. The whole theory of the defense is based on weak intellect from birth, and yet his relatives and parents have permitted him to go at will, and this is not the first crime he has committed. The state's witnesses and some of the defendant's witnesses testify that he does know right from wrong, and has sufficient mental capacity to commit crime, and we will not disturb the verdict.

[10] However, he was entitled to be sentenced under the indeterminate sentence law, and the sentence is reformed to read that he be confined in the penitentiary for a term of not less than five years nor more than the number of years of punishment affixed by the jury, and the judgment is so reformed and corrected.

The judgment is affirmed.

DAVIDSON, J. I think the special charge requested ought to have been given under authority of Wooten's Case, 51 Tex. Cr. R. 428, 102 S. W. 416, and cases cited by appellant. The issue of settled or permanent insanity was an issue, and it ought to have been charged.

2. Error is conceded by majority in regard to statements by prosecutrix, but they hold it not of sufficient importance to reverse because the evidence is sufficient to show guilt. This is not legally the criterion where important illegal evidence is admitted. Defendant received 35 years in the penitentiary. This is not the minimum punishment.

3. The criterion of competency of children as witnesses is liability for perjury. Under this rule, under present statute, I more than doubt the admissibility of the evidence of the two children who testified. Article 34, P. C.