JIM EPPS v. THE STATE.

No. 11898. Delivered October 31, 1928.

The opinion states the case.

*W. T. Davis* of San Augustine, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

MARTIN, JUDGE.—Offense, assault to murder; penalty, two years in the penitentiary.

The testimony in the record for the State was very brief and shows in substance that State's witness, Bish Arnold, was stabbed with a knife four times. Arnold testified: "I have been related to the defendant in a way; he was my brother-in-law once. We have never had any difficulties prior to this time. We were good friends as far as I knew. I didn't say anything to him that hurt his feelings or was intended to hurt his feelings, and he never said a word before he commenced cutting me." There is an entire absence of testimony to show any motive for the offense.

The appellant attempted to offer evidence that he was insane, all of which was held inadmissible by the Court and the case went to the jury without any defensive testimony of any nature for the appellant. Appellant offered to prove by his father that he was struck by a passenger train and injured in the region of the kidneys, was confined to his bed for two or three weeks; that thereafter he was injured while in the employment of the Waterman Lumber & Supply Company, this injury being on his head. He was confined to his bed from this injury for about two weeks and was unable to do any work for about two months. That thereafter he was assaulted by an unknown party and beaten over the head with heavy instruments; that he came home in a semi-conscious state and remained so for several days; that after these several injuries he did not seem to be at himself mentally; that at times he seemed to understand things and at other times he did not; at times he was very excitable. He frequently complained of pains in his head and ear and was not able to do much work; that after he was struck on his head his mind seemed to be worse than it had ever been before, and that his mind never seemed to be balanced afterwards; that he would frequently have periods of melancholy and was extremely nervous and at all times very excitable, and at times seemed to be completely deranged. The trial court refused to permit any of this evidence to go to the jury on the issue of insanity.

Of the rule in such cases, it has been said:

"Evidence to show insanity is not confined to evidence of the mental condition of the accused at the instant of the act. * * *

Evidence is competent to prove conduct and language at various times and places indicating an unhealthy mental condition, and the more extensive the view, the safer is the determination reached. * * * All the previous mental and physical history of the accused is relevant where insanity is the defense as an inference of insanity must rest upon many facts. It may always·be shown that he was insane prior to the crime, and, though this fact is never conclusive of his insanity at the date of the crime, it may be received as tending to render the truth of independent evidence of that fact more probable." Underhill's Criminal Evidence (Third Edition) Paragraph 261.

The rule is well settled that the opinion of a non-expert as to insanity is receivable in evidence, but in connection with same he must state the facts upon which such opinion is based. Paragraph 264, Underhill's Criminal Evidence, (Third Edition); Webb v. State, 5 Tex. Crim. App. 608; Branch's P. C., p. 17.

It has been further stated:

"The enormity of the crime and the apparent absence of adequate motive for its commission are matters that may be taken into consideration by the jury, but are not conclusive against the State upon the issue of insanity." Sagu v. State, 248 S. W. 392.

The facts immediately surrounding the alleged offense and the entire absence of motive, together with the previous history of appellant in connection with the testimony of his father, we think was sufficient to raise the issue of insanity. That it may have meagerly done so is no reason for its exclusion. It was upon a highly material issue and we think its exclusion was such error as demands a reversal of this case and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.