## A. E. STANLEY V. THE STATE.

No. 14634. Delivered January 27, 1932.
Rehearing Denied April 16, 1932.

452

The opinion states the case.

*Horace E. Moore* and *Myres & Pressly,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ninety-nine years.

The indictment contained three counts charging appellant with the murder of Roy Hawthorne. The first count charged appellant with killing deceased by hitting, striking and beating him with a gun. In the second count it was averred that deceased was killed by hitting, striking and beating him with a bottle. The allegation in the third count was to the effect that deceased was killed in some way or manner and by some means, instruments and weapons to the grand jury unknown. The testimony of the accomplice witness Butler was to the effect that Herbert Stanley, a son of appellant, one Casstevens, and appellant attacked deceased with a pistol and a bottle. This witness testified, in substance, *that Casstevens struck deceased on the head with a pistol; that appellant* secured a bottle and went into the bath room, where deceased was, and that the witness heard the breaking of glass; that one of the participants secured a hammer and took it into the bath room, where deceased was being attacked; that deceased was placed in a bathtub almost filled with water and held under the water; that thereafter the body of deceased was taken from the house in an automobile by appellant's son. The homicide occurred in appellant's house, where, according to the testimony of the accomplice witness, deceased had been invited. It appears that deceased had appeared before the grand jury and given testimony resulting in the indictment of appellant for cattle theft. It was the contention of the state that this was the motive for the killing. According to the state's testimony, the body of deceased was carried into a pasture, set fire to, and burned almost beyond recognition. One of the state's witnesses positively identified the body by a peculiar birthmark on the

face. According to the testimony of an officer, appellant stated to him that he would tell about the entire transaction if given immunity. It is unnecessary to set out the facts and circumstances in the record corroborating the testimony of the accomplice witness. Suffice it to say that we deem the corroboration sufficient.

Appellant admitted that he was present when the attack upon deceased was made, but testified that he had nothing to do with the assault, and tried to prevent it. He said that his son, the accomplice witness Butler, and Casstevens attacked deceased.

The first bill of exception relates to appellant's exception to the charge of the court because of the submission of the count in the indictment charging that the means used in killing deceased were to the grand jury unknown. The three counts were submitted and the jury returned a general verdict. It was in evidence that the grand jury, after diligent investigation, were unable to determine what actually caused the death of deceased. He was struck with an empty bottle; he was beaten with a pistol; and, further, there was evidence that some blunt instrument had been used. Under the evidence it was proper for the court to submit the three counts to the jury. An indictment for murder may allege different means of killing, in a single count. Burt v. State, 38 Texas Crim. Rep., 397, 40 S. W., 1000, 43 S. W., 344, 39 L. R. A., 305, 330. "If means used were unknown to the grand jury, or where it is doubtful how death was caused, it may be alleged that it was done by some means unknown to the grand jury." Branch's Annotated Penal Code, sec. 2059, p. 1154; King v. State, 57 Texas Crim. Rep., 363, 123 S. W., 135. The opinion is expressed that it is doubtful, under the evidence, how death was caused. It was proper for the state to plead the means used in separate counts. An election between counts, under the facts reflected by the record, was not required.

It appears from bill of exception No. 1 that state's witness Butler had been convicted in the state of Arkansas for the offense of robbery and confined in the penitentiary. The witness was brought from the penitentiary in Arkansas to Fort Worth for the purpose of testifying for the state in appellant's trial. Appellant objected to the witness being permitted to testify on the ground that he had been convicted of a felony and was confined in the penitentiary. The objection was properly overruled. The witness had been convicted subsequent to the taking effect of chapter 13, Acts of the Thirty-Ninth Legislature (1926), First Called Session (Vernon's Ann. C. C. P., art. 708). We held, in Fitzgerald v. State, 118 Texas Crim. Rep., 61, 38 S. W. (2d) 329, that persons convicted of felonies subsequent to the enactment of the act to which reference has been made, are competent to testify in all criminal cases. Article 708, C. C.P., as amended (Vernon's Ann. C. C. P., art. 708), provides that all persons are competent to testify in criminal cases, except two

454

classes. The two exceptions are set forth, namely, insane persons and children, when shown to be comprehended by the terms of the exceptions. Persons convicted of felony and confined in the penitentiary are not excepted.

Bill of exception No. 2 presents the following occurrence: Herbert Stanley and Casstevens were under indictment for the same offense as appellant, and were confined in jail at the time of appellant's trial. Appellant stated to the trial court that the witnesses could not, under the provisions of article 711, C. C. P., testify in his behalf. Nevertheless, appellant requested the court to have said parties brought from the jail in order that he might place them on the witness stand and have the benefit of the objection of the district attorney to their testimony. The witnesses being indicted for the same offense as appellant, under the provisions of article 711, C. C. P., could not be introduced as witnesses for appellant. The statute expressly provides that under such conditions the codefendants may not be introduced for one another. The district attorney indicated that he would object to the witnesses testifying. The opinion is expressed that the court was warranted in refusing to permit appellant to place the witnesses on the stand in the presence of the jury.

As disclosed by bill of exception No. 5, appellant's counsel sought to elicit from his testimony to the effect that deceased was under indictment with him (appellant) for theft of cattle. As a motive for the killing the state showed deceased had given testimony before the grand jury resulting in the indictment of appellant. We are unable to see how it could have benefited appellant to show that the grand jury also indicted deceased for this offense. On the contrary, we think it is clear that it would have been harmful to appellant to show that one who had participated with him in the commission of the offense had given information against him, resulting in the indictment. It would appear that this proof would have made more potent the testimony of the state that deceased had testified against appellant and it would have furnished further cogent evidence of motive. Ordinarily, one charged with an offense would feel more unkindly toward one who participated in the offense and testified against him than he would against a disinterested informant. The mere fact that deceased was under indictment for an offense would be immaterial. The opinion is expressed that the bill of exception fails to reflect reversible error.

The court submitted an instruction covering the law of principals. In an effort to submit the converse of principals, the court instructed the jury that if they found from the evidence or had a reasonable doubt that at the time of the killing of deceased appellant was present, but did not in any way take part in the killing and did not aid or encourage the parties in the killing of deceased he should be acquitted. This charge was inaccurately framed. Appellant admitted that he was present, but denied that he participated in the homicide. The exception to the charge

was as follows: "That said charge of the court on said charge of principals is furthermore erroneous for the reason that the court does not submit to the jury the converse thereof, that is to say that even though defendant is present at the time of the commission of the offense by others such fact would not make him a principal." We deem this exception insufficient to call to the attention of the trial court the inaccuracy in the charge. Taking the charge as a whole, we are not led to believe that the inaccurate manner in which it was framed could, under the testimony, have affected appellant's rights. Hence, under the provisions of article 666, C. C. P., we would not be warranted in ordering a reversal. The fact that the court did not state to the jury in the charge that appellant could not be guilty unless he knew the unlawful intent on the part of the persons commiting the offense would not present reversible error. Appellant admitted that he knew the unlawful intent and tried to prevent the parties from assaulting deceased. His only defense was that he did not aid the parties by acts or encourage them by words or gestures in the commission of the offense. This defense was embodied in the charge of the court.

Appellant sought to have the court instruct the jury to the effect that if deceased's body was subsequently removed by others from the scene of the homicide and that appellant had nothing to do with the removal of the body, the action of the other parties would not make appellant a principal, and that no presumption of guilt would arise because of appellant's failure to notify the officers as to the homicide. Appellant denied that he knew that the body had been taken from the house, and declared that he had nothing to do with removing and burning the body. There was testimony to the effect that appellant left the house immediately after the homicide. The removal and burning of the body could properly be shown in establishing the corpus delicti. Moreover, the action of appellant's alleged co-conspirators in removing the body from the house and burning it, was so closely connected with the homicide as to be part of the res gestae of the offense. Branch's Annotated Penal Code, sec. 695; Eggleston v. State, 59 Texas Crim. Rep., 542, 128 S. W., 1111. The opinion is expressed that appellant was not entitled to the charge. See Gray v. State, 99 Texas Crim. Rep., 305, 268 S. W., 941, 269 S. W., 1056.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The criticism of the charge on accomplice testimony is not deemed tenable. The facts and the charge are unlike the case of Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W., 1194. The charge is not out of harmony with that in the case of Standfield v. State, 84 Texas Crim. Rep., 437, 208 S. W., 532.

The paragraph in the charge submitting murder with malice aforethought, on the subject of the penalty, contains the following: "* * * then and in that event you will find the defendant guilty of the offense as charged in the indictment and assess the punishment at death or by confinement in the State penitentiary *for any terms of years not less than five.*"

The verdict found the appellant guilty of murder with malice aforethought and assessed against him a penalty of confinement in the penitentiary for a period of ninety-nine years. See Thompson v. State, 91 Texas Crim. Rep., 234, 237 S. W., 926.

In the charge on murder without malice, the jury was instructed that the conviction would require a penalty of not less than two nor more than five years confinement in the penitentiary. The verdict having assessed against the appellant a penalty of more than five years, the error pointed out is unimportant.

The complaint of the evidence showing the removal of the body of the deceased was sufficiently discussed and proper disposition made thereof in the original opinion.

The judgment and sentence are improperly entered and are hereby reformed so as to condemn the appellant to suffer confinement in the state penitentiary for a period of not less than two nor more than ninety-nine years. See article 775, C. C. P., 1925.

Failing to find any error warranting a reversal of the judgment, the motion for rehearing is overruled save in the matter of the reformation of the judgment and sentence as above indicated.

*Judgment and sentence reformed.*
*Rehearing overruled.*