EDWARD BAILEY V. THE STATE.

No. 23723. Delivered June 25, 1947.

R. M. Bounds, of McAllen, and Roy Buckley, of Mission, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault and his punishment was assessed at a fine of $150.00.

The complaint and information contained two counts. One charged that the assault was committed with a deadly weapon, the other charged that serious bodily injuries were inflicted by appellant upon the person of A. B. Callaway.

Appellant's chief contention is that the evidence is insufficient to sustain his conviction under either count. In his brief, appellant quotes from the record the testimony given by Dr. McKinsey as follows: "I remember treating a man by the name of A. B. Callaway on December 18th, 1946; that he had numerous bruises about the scalp as I remember, one ear was pretty well bruised with a laceration or cut and his finger was bruised or broken; yes he had bled some around the head, he had not bled a large amount but there was blood enough to definitely show." He also quotes partly from the testimony of Callaway, the injured party, but overlooked the following part of his testimony:. "I am an ex-service man, otherwise I would not be entitled to treatment over there (meaning U. S. Naval Hospital). My case requires absolute quiet and they moved me out of a ward to a room to myself, the doctor stated the ward was too noisy; * * * I am still under the care of the U. S. Naval Hospital. * * * I see double with two black spots in front, my eyes hurt with excruciating pain which comes and goes. * * * The nature of the brain concussion that I am suffering from is sharp pains that go through my head from side to side; and then there will be pain that keeps on getting more intense and becomes so intense I want to scream," etc.

It occurs to us that the evidence is sufficient to sustain the court's finding that serious bodily injuries were inflicted which supports the second count in the complaint and information.

Appellant cites us to some cases which he contends support his contention. We have read the cases and are in agreement with the doctrine therein stated based on the particular facts of each case which are somewhat different from the instant case.

His next contention is that the court erred in failing to state under which of the two counts in the complaint and information he found appellant guilty. This Court will presume that the trial court found him guilty on the count sustained by the evi-

dence. See Nance v. State, 22 S. W. 44; English v. State, 29 Tex. Cr. R. 174, 15 S. W. 649; Southern v. State, 34 Tex. Cr. R. 144, 29 S. W. 780; Isaacs v. State, 36 Tex. Cr. R. 505, 38 S. W. 40; Miller v. State, 77 S. W. 800.

There are other complaints brought forward which we considered and found to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.