## NELL MCKINLEY V. STATE.

No. 24021. April 28, 1948.
Rehearing Denied June 9, 1948.

Hon. Earl Sharp, Judge Presiding.

*B. Reagan McLemore*, of Longview, (*Fred Erisman* of Longview on appeal only) for appellant.

*R. L. Whitehead*, Criminal District Attorney, and *Perry O. Barber*, Assistant Criminal District Attorney, both of Longview, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault and battery. The punishment assessed is a fine of Five Hundred Dollars.

Appellant's first contention is that the complaint and information are insufficient to charge the offense of an aggravated assault. The information which follows the language of the complaint, omitting the formal parts, reads as follows: "* * * that Nell McKinley on or about the 10th day of November, 1947, in the County of Gregg and State of Texas, and before the making and filing of this information, with premeditated design, and by use and means calculated to inflict great bodily injury, to-wit: by the use of a cold drink bottle, in and upon Hattie Allen did then and there unlawfully commit an aggravated assault; and the said Nell McKinley did then and there with said cold drink bottle strike, wound and bruise the said Hattie Allen, and did thereby inflict upon said Hattie Allen serious bodily injury against the peace and dignity of the State."

The complaint as well as the information charged an offense under Section 9 of Art. 1147, P. C., as well as under Section 7 of said article. Here the information charges that the offense was committed with premeditated design by the use of means calculated to inflict great bodily injury and also charged the infliction of serious bodily injury upon the assaulted party. The fact that two elements of the offense are charged in the complaint and information does not vitiate the same. Under such allegations, proof of either will sustain a conviction. In support of the opinion here expressed, we refer to the following cases: Whitten v. State, 28 S. W. 474; and Bagley v. State, 67 Tex. Cr. R. 574 (150 S. W. 773). We overrule this contention.

Her next contention is that the court erred in overruling her motion for a continuance. There is nothing in the record to show that she reserved any exception to the ruling of the court. This was necessary to properly present the question to this court for review. However, she, for the first time, complains thereof in her motion for a new trial and sets out some agreements which she claims she made with the District Attorney and his assistants. This motion was contested by the State and much evidence pro and con was introduced. We quote from the testimony given by the Assistant District Attorney, Mr. Wellborn, as follows: "I recall an instance sometime after Saturday, November 15, when Reagan McLemore and his brother came into the District Attorney's office and Mr. Barber and I engaged him in conversation, * * * at that time Mr. Barber told Mr. McLemore that the case of the State of Texas vs. Nell McKinley would be tried. I remember it very definitely being discussed for several minutes. Mr. McLemore and his brother came into the office and Mr. Reagan McLemore was very angry. The quesiton of making investigation of the case by the District Attorney's office was discussed for a few minutes. You, Mr. Barber, told Mr. McLemore that the District Attorney's office had made an investigation and that the case would be prosecuted. * * * That was the latter part of the week before the case was tried." If this was true, and the court no doubt accepted it as true, she knew that the case would be tried. If she had exercised any diligence whatever, she could have procured process for the absent witness and had her served. Under the facts as disclosed by the record, we would not be justified in holding that the trial court abused his discretion with respect thereto. Appellant was arrested on the 12th day of November but she made no effort to obtain any process for any witness until the 1st day of December when she applied for a subpoena for one Naomi Black. It occurs to us that no diligence was exercised to secure the attendance of witnesses.

Her next contention is that there is a fatal variance between the allegation in the indictment and the proof, in this, that it was charged in the indictment that she, appellant, struck the injured party with a cold drink bottle whereas the proof is that it was a "coke bottle." We do not regard this as such a variance as would require a reversal of the judgment. A cold drink bottle is a general term which includes every kind of bottle commonly used as containers for cold drinks. Therefore, under the general term, it was competent to prove that a bottle of any description containing a cold drink, such as Orangeade, Nu-

Grape, Seven-Up or Coco-Cola, commonly called coke, was used in the commission of the offense. Consequently, there is no fatal variance between the allegations in the information and the proof. Tex. Jur., Vol. 4, page 903, states the rule as follows: "Only the substance of the issue need be proved. Proof of the use of some other instrument does not amount to a variance if the instrument actually proved is of such similar general characteristics as to inflict the same kind of injury as the alleged means or instrument." Citing Holliday v. State, 35 Tex. Cr. R. 133, in support of the doctrine announced.

Appellant next contends that the evidence is insufficient to sustain her conviction. We are not in agreement with appellant. The evidence introduced by the State, briefly stated, shows that the injured party and Vera Gray went to the restroom at Curley Smith's night club, this was about 11:30 P. M. and as they started to go out, appellant and Mrs. Eastep came in and the injured party said, "Hello, Nell; how are you?" Appellant had a bottle in her hand and pushed the injured party back inside; and Mrs. Eastep got near the door and kept the injured party from coming out while appellant struck her on the head with the bottle, with the remark, "You G----- b----, you two-faced thing. You innocent little b----, you and Peggy turned me in to the state board."

Dr. Elkins, who treated the injured party for the injury inflicted upon her testified that he made several X-ray pictures of her head; that the X-ray pictures revealed a depressed fracture of the exterior of the skull about one and one-half centimeters long; that she had a blood tumor on the back of the head and an abrasion on her lip; that on the back of her head there was no bleeding externally but internally which caused the blood tumor; that at the time of the trial, which was about three weeks after the commission of the offense, she was still under his treatment. He further testified that an injury to the skull such as the injured party had sustained might, or might not, give rise to apprehension of danger to life or health, but anyone that has a fractured skull such as he found on the injured party, there is always apprehension of it, and he could say it would give rise to apprehension of danger or health. Appellant denied striking the injured party at all but claimed that the injured party was drunk and fell and must have hit her head on the guard of the heater or lavatory.

No objection was urged against the court's charge on the manner in which the case was submitted to the jury.

It will be noted that there is sufficient evidence from which the jury could reasonably draw the conclusion that serious bodily injury was inflicted as well as that it was done with pre-mediated design on the part of appellant. However, appellant wants this court to hold as a matter of law that this is not sufficient to support the conviction which we are unwilling to do since it raised an issue of fact, the decision of which was within the exclusive province of the jury and they decided the issue adversely to her.

Appellant cites us to the following cases as supporting her contention: Herald v. State, 35 S. W. 670, in that case it was charged that the assault was made with a knife and the proof was that it was made with a stick, not an instrument of the same character as a knife. Flournoy v. State, 63 S. W. (2d) 558. In that case the injured party was struck with the fist and not with a pistol. All of the other cases cited by her are distinguishable from the instant case on the facts.

From what we have said, it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We have concluded that appellant is entitled to have the action of the trial court in overruling her first motion for continuance reviewed by this court.

The motion, as presented and relied upon, was not a statutory motion, because of the absence of an allegation therein that the witness was not absent by the procurement or consent of the appellant or that the application for continuance was not made for delay.

Such allegations are required by the express provisions of Art. 543, C. C. P. in order to be a statutory motion for a continuance, and without which the motion is fatally defective. See Art. 543, Vernon's C. C. P., notes 28 and 29, for attesting authorities.

Not being a valid statutory motion for continuance, it was one addressed entirely to the discretion of the trial court. While

the record reflects equitable grounds for granting the motion, yet we cannot say that, in the light of the record as a whole, the trial court abused the discretion lodged in him.

The verdict in this case reads as follows:

"We, the jury, find the defendant 'GUILTY' and assess her punishment at $500.00."

Appellant insists that, inasmuch as the information charged in the same count two separate and distinct elements of aggravated assault, the verdict, to be sufficient should have found upon which element guilt was predicated. In support of this contention, it is insisted that an assault with "premeditated design, and by the use of means calculated to inflict great bodily injury" is materially different from and embodying elements not contained in a charge of aggravated assault by the infliction of "serious bodily injury."

Where the evidence, as here, shows but one transaction, a general verdict will be applied to the count, finding support in the proof. 12 Tex. Jur., Sec. 341, p. 695.

The proof abundantly authorized the jury's conclusion that a serious bodily injury was inflicted. The general verdict may be applied to that count.

Believing that this case was correctly decided originally, the motion for rehearing is overruled.

Opinion approved by the Court.