HOMER E. MILLER v. STATE.

No. 26,244. February 11, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) April 8, 1953.

*Neal Dancer,* and *Roy A. Scott,* Corpus Christi, for appellant.

*Weldon Cabaniss,* County Attorney, Rockport, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is negligent homicide in the second degree; the punishment, a fine of $1500.00.

The sole questions presented for review grow out of appellant's contentions that the evidence is insufficient to establish the following elements of the offense charged:

1. That the highway, at the entrance of which was erected the stop sign which appellant allegedly failed to heed, was a state highway under the jurisdiction of the Texas Highway Department.

2. That the stop sign, which the appellant was alleged to have failed to heed, was erected by authority of the Texas Highway Department.

3. That the intersection, where the accident occurred, was in a residential or business section within the city limits of Rockport, where a speed limit of thirty miles per hour was in force.

The first two elements were integral parts of Count One of the information. Such count charged appellant with having caused the death of deceased by operating a motor vehicle on Farm to Market Road 881 in Aransas County at a point near its intersection with Texas Highway No. 35 and failing to stop at a stop sign erected by the Texas Highway Department.

The second count charged the appellant with causing the death of deceased by driving in excess of thirty miles per hour, the maximum allowed by law in a residence and business section of the incorporated city of Rockport.

Both counts were submitted to the jury in the court's charge, and they returned a general verdict of guilty.

Where there is but one offense charged in two counts of an information, a general verdict may be applied to either and is sufficient. McKinley v. State, 152 Tex. Cr. R. 167, 311 S. W. 2d 745, and Tex. Dig., Crim. Law, Sec. 878(2).

We address ourselves to the task of determining if the first two elements set forth above are established by the record.

Mr. Klaeser, the maintenance foreman for the Texas Highway Department in the area, testified for the state. He stated that he made an investigation at the scene of the wreck. While he was testifying from a diagram, the following was elicited:

"Q. Will you give the official name by which that highway is known or shown on your records? A. That is State Highway 35—from east to west and this is FM 881—and also known as the Farm to Market Road—and also known as the Market Street, the old name for it.

"Q. How long has it been a State Highway? A. Well, I believe about two years, something like that.

"Q. You said that it is a part of your responsibility to maintain this Farm to Market Highway to the East boundary line of Highway 35, and also to maintain Highway 35 all along there? A. Yes sir.

"Q. Are there any State Highway markers in that area? A. Yes."

This, we think, establishes the first element complained of by the appellant.

With reference to the authorized erection of the stop sign, we note the following from his testimony:

"Q. What was your authority for placing them there? A. We have a manual of signs—that is the instructions about signs to be put up.

"Q. Was this sign placed there in following and complying with those instructions? A. Yes sir."

Article 327a, Section 12, Vernon's Penal Code, reads as follows:

"The Department (State Highway Department), with reference to State Highways under its jurisdiction, is hereby authorized to designate main traveled or through highways by erecting at the entrance thereto signs notifying drivers of vehicles to come to a full stop before entering or crossing any such

highway; and whenever any such sign has been so erected, it shall be unlawful for the driver or operator of any vehicle to fail to stop in obedience thereto."

Article 6701d, Section 29, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"The State Highway Commission shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this Act for use upon highways within this state. . . ."

This testimony, in view of the above statutes, sufficiently established Element No. 2.

In the light of the authorities heretofore cited, we deem it unnecessary to pass upon appellant's third contention.

Finding the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.