## EUSEBIO REGALADO MARTINEZ v. STATE

No. 31,264. January 20, 1960

Motion for Rehearing Overruled March 23, 1960

*Culver & Culver,* by *John R. Culver* and *Barbara G. Culver,* Midland, for appellant.

*Leonard Howell,* County Attorney, by *Joseph H. Mims,* District Attorney, Midland, and *Leon Douglas,* State's Attorney, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, death.

It would serve no useful purpose to again restate the facts, as they are fully set forth in our original opinion affirming a prior death penalty conviction for this offense. See Martinez v. State, 167 Tex. Cr. Rep. 97, 318 S.W. 2d 66. They are substantially the same upon this trial, except that much more defensive evidence was adduced.

We address ourselves to the task of discussing the many questions of law raised by appellant in his exhaustive brief and in oral argument.

He first contends that the trial court erred in failing to charge the jury that the 1945 adjudication as a feeble-minded person, discussed in the above opinion, created a continuing presumption of appellant's insanity. Appellant relies upon Wooten v. State 51 Tex. Cr. Rep. 428, 102 S.W. 416, and Sims v. State, 50 Tex. Cr. Rep. 563, 99 S.W. 555. We are aware of no authority since Douglas v. State, 73 Tex. Cr. Rep. 385, 165 S.W. 933, upon which appellant also relies, which holds that such a charge shall be given in the absence of a showing of an *unvacated judgment of lunacy.* We now come to the question of whether the 1945 commitment was an adjudication of insanity. In McCune v. State, 156 Tex. Cr. Rep. 207, 240 S.W. 2d 305, we held that mere feeble-mindedness short of legal insanity was not a defense to crime. See also Ross v. State, 153 Tex. Cr. Rep. 312, 220 S.W. 2d 136. The 1945 commitment did not follow a jury verdict, and we said in McGee v. State, 155 Tex. Cr. Rep. 639, 238 S.W. 2d 707, that in 1944 a person might be adjudged to be a person of unsound mind only upon the verdict of a jury. We find no error in the charge as given, which

clearly submits the question of appellant's sanity to the jury, and it accepted the testimony of the witnesses for the state that appellant was sane.

Appellant contends that the court committed fundamental error in receiving the jury's verdict which failed to state whether they found him guilty under the first or second count of the indictment. The first count recited that death was caused by striking with the hands, kneeing with the knee, and by pushing against with the knee. The second count charged that death was caused by jabbing a piece of wood through the vaginal canal and rectum into the abdomen.

It must be remembered that but one offense was charged, and that was murder. In Stanley v. State, 120 Tex. Cr. Rep. 450, 48 S.W. 2d 279, where the indictment charged three different ways in which the murder might have been committed and a general verdict was returned, this court held that no election was required where there was evidence to support a finding under each count, as there was in the case at bar. See also Bailey v. State, 150 Tex. Cr. Rep. 438, 203 S.W. 2d 226; Miller v. State, 77 S.W. 800; McKinney v. State, 152 Tex. Cr. Rep. 167, 211 S.W. 2d 745; and Miller v. State, 158 Tex. Cr. Rep. 43, 256 S.W. 100. In Huffines v. State, 94 Tex. Cr. Rep. 292, 251 S.W. 229, upon which appellant relies, the different counts charged separate and distinct offenses, and this court held that a general verdict was not sufficiently explicit. In Modica v. State, 94 Tex. Cr. Rep. 403, 251 S.W. 1049, upon which appellant also relies, the jury expressly found the accused guilty of two felonies which this court held they were without authority to do.

In the case at bar, the court clearly told the jury in his charge that they might find appellant guilty on but one count, and we find no error presented by this bill.

Appellant requested the following charge which was refused:

"You are further instructed that on the question in insanity of the Defendant, Eusebio Regalado Martinez, you may consider the enormity of the crime with which he is charged as having committed."

He relies upon Sagu v. State, 94 Tex. Cr. Rep. 14, 248 S.W. 390, and Epps v. State, 110 Tex. Cr. Rep. 406, 10 S.W. 2d 566, but they do not support his contention that the requested charge should have been given.

By Bill of Exception No. 5 it is shown that appellant tendered in evidence, and the court rejected, a picture taken of him by the officer whose duty it was to photograph newly arrested prisoners. Appellant contends that the picture was admissible on the issue of his sanity. Officer Stubblefield took the picture in question, and his testmony is incorporated in the bill. We quote therefrom:

"Q. Will you look at the defendant now and compare his looks with that picture? A. Yes.

"Q. Are they considerable different? A. His hair and and beard is all I notice different.

Q. You don't notice anything different but the hair and beard? A. Nothing outstanding."

If appellant were not satisfied with this answer, he could have called other witnesses and have had them make the comparison, or in any other way make a showing that he was deprived of valuable evidence. As the record is before us here, there was no difference, other than the hair and the beard, in appellant's appearance at the time of the trial and at the time of his arrest. We would not be justified in reversing a conviction where no injury to appellant's defense has been shown.

Appellant next complains of the admission of evidence from officer Edwards in which he expressed an opinion concerning certain shoe prints which he found near the body of the deceased. The witness was present when plaster casts were made of the impressions in the ground and related to the jury certain peculiarities which he observed and points of similarity with appellant's shoe. We have concluded that the case of Mueller v. State, 85 Tex. Cr. Rep. 346, 215 S.W. 93, is here controlling. There, as here, the witness had not measured the tracks, and this court said:

"Each of these cases recognizes the rule that a witness in a particular case may give his opinion as to the similarity of tracks, *and none of these cases make the measurement of these tracks a prerequisite to the expression of said opinion.* On the contrary, the unbroken line of decisions of this state, and every other state with which we are familiar, hold, as is held in the Parker Case, and Tankersley Case, and others,

that a witness who has made measurements of the tracks, and the foot or shoe of the defendant, or who has made some such comparison between the tracks and the shoes of the defendant, as placing the shoe in the tracks, *or who has detailed peculiarities in the tracks on the ground which correspond with the shoes,* or with the proven or admitted tracks of the defendant, that in either of these cases or instances the witness may give his opinion as to the similarity of the tracks."

Appellant objected to the introduction of the shoes which appellant was wearing when the officer came to his home. The objection was that the officer was "without a search warrant of his person." Be that as it may, the officer testified that appellant came out of the house wearing the shoes in question, willingly surrendered them upon being requested to do so, and we find nothing in the record to the contrary. Recently, in Williams v. State, 164 Tex. Cr. Rep. 347, 298 S.W. 2d 590 cert. denied 355 U.S. 850, 2 L. ed. 52, 78 S. Ct. 65, we had a controverted issue of fact as to the surrender of a jacket, and held that the question of consent was properly submitted to and resolved by the jury. In the case at bar, no issue was made, and so we need not pass upon the question of whether this constituted a search or whether appellant was under arrest.

By his next bill, appellant complains of the introduction of the confession on the grounds that the person named therein as having given the warning did not in fact give such warning. Captain Patterson of the Midland police is named in the confession as being the person who administered the warning. Two interpreters were used. Reliance is had upon Gonzales v. State 148 Tex. Cr. Rep. 401, 187 S.W. 2d 910, in which the interpreter testified that the statement was made to him. This court did not pass upon the question of whether the evidence also showed that the statement was made to Mr. Brown, the assistant district attorney. In the case at bar, one interpreter testified: "Q. Did you have anything to do with the statement other than being an interpreter? A. No, just the interpreter." And the other phrased it this way: "Q. In what capacity did you act? A. Translator, only." There was also evidence that appellant spoke and understood English.

All the evidence shows that Captain Patterson gave appellant the warning through the interpreter and that the statement was made to him.

The state's witness Vernon Jones, superintendent of the Mexia State School for the mentally retarded, testified that at the time appellant was discharged from said school in 1952 he was among the upper ten percent of the boys and that the medical staff, the social service department and the principal of the school recommended that appellant be discharged, and that he in turn discharged him, believing that appellant had been rehabilitated. On cross examination, what appellant denominated as a hypothetical question was propounded to the witness, the recounting of which listed a number of misdeeds, including the murder, and concluded " * * * do you think that type of person would have been rehabilitated in 1952 when you released him?" The question was more in the form of argument than an effort to elicit an opinion from the witness. The real force and effect of the question was to say: "Mr. Superintendent, since you have learned what your charge has done after you released him, do you now think that you made a mistake in turning him loose on society?"

The objection to the question was properly sustained.

Appellant objected to all the testimony of state's witness Dr. Winkleman on the grounds that appellant was incapable of giving his consent to an examination, that his court-appointed counsel had not given his consent, and because a confidential relationship existed between a doctor and a patient. We will consider only the objection made at the time of the trial. We find from counsel's testimony at the hearing on the motion for new trial, which is the only evidence in the record on the question, that he had agreed with the district attorney that still another doctor might examine appellant.

We have concluded that under the holding in Gephart v. State, 157 Tex. Cr. Rep. 414, 249 S.W. 2d 612, the testimony of a doctor employed by the state who examines a prisoner before trial and then gives his opinion that the prisoner was sane is admissible.

Appellant's final complaint relates to alleged jury separation. At most, it was shown that the women jurors went to the hotel where they were housed during a recess in court to "freshen up." This is not improper. Dukes v. State, 162 Tex. Cr. Rep. 97, 282 S.W. 2d 234.

This case was reversed upon the first appeal because appellant was not represented by an attorney authorized to practice

law. We here commend the trial court for his appointment of present counsel. His brief shows painstaking research, and he has raised every conceivable error and urged each plausibly.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge

It is again insisted that the trial court erred in refusing to charge the jury that the burden of proof was upon the state to establish appellant's sanity at the time of the trial; that it further erred in refusing to charge the jury that on the issue of insanity they could consider the enormity of the crime charged; and that the trial court also erred in refusing to permit the introduction into evidence on the issue of insanity appellant's photograph taken two days after the commission of the alleged offense. Appellant in effect restates his position which he took originally without citation of authority.

The record has been re-examined in the light of appellant's contentions and it appears that such contentions were considered and properly disposed of in the original opinion.

The motion is overruled.

Opinion approved by the Court.