### OREN SMITH v. THE STATE.

No. 2774.  Decided October 14, 1903.

**Complaint.**

The statute provides that the complainant must state not only that he has good reason to believe, but does believe the offense to have been committed, and a complaint which simply states that the complainant had "good reason to believe" is insufficient.

Appeal from the County Court of Nacogdoches.    Tried below before Hon. Robert Berger, County Judge.

Appeal from a conviction of an assault; penalty, a fine of $5.

The opinion states the case.

*Mims & King,* for appellant.

*Howard Martin,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant.was convicted of an assault, and his punishment assessed at a fine of $5. .Motion was made to quash the complaint because complainant only states that he had "good reason to believe," etc.   The exception being that it fails to allege in addition that the complainant "did believe that said offense was committed;" the statute providing that the complainant must state not only that he had good reason to believe but did believe the offense to have been commited.   It would seem that, under the prior decisions of our State, this would not be sufficient.   In Brown v. State, 11 Texas Crim. App., 451, this expression was held sufficient "to the best of my knowledge and belief."   But it will be noticed that the Brown case carries the doctrine as far as the statute would permit.   The statute conveys the idea that the affiant must not only have good reasons to believe that the offense is committed, but there is implanted in his mind the further fact that he does believe the offense sought to be charged has been in fact committed.   The allegations of this complaint fall short of this requirement of the statute, and does not therefore sufficiently comply with the terms of the law.   Because the complaint is insufficient the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*