HULEN JUSTICE AND J. D. PACE v. THE STATE.

No. 2776. Decided October 14. 1903.

**Complaint.**

A complaint which does not show that the affiant states positively and in direct terms that the accused committed the offense therein charged, nor that affiant believes that accused committed the offense, but only states that affiant has good reason to believe that accused committed such offense, is defective.

Appeal from the County Court of Nacogdoches. Trial below before Hon. Robert Berger, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $35. No statement necessary.

No briefs on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellants were convicted of an aggravated assault, and their punishment assessed at a fine of $35 each.

Motion was filed to quash the complaint "on the ground that the affiant does not state positively and in direct terms that these defendants committed the offense therein charged, nor that affiant believes that defendants committed the offense—only that the affiant has good reason to believe that said defendants have committed said alleged offense." The charging part of the complaint is as follows: "I, Sandy Thacker, do solemnly swear, that I have good reasons to believe, that heretofore," etc. The complaint is subject to the criticism urged against it by appellants. The statutes provides with reference to complaints that the affiant must state that he does believe—not that he has good reason to believe. He may have good reason to believe, and not believe it. For a full discussion of the matter see Oren Smith v. State, just decided. Be-

cause the complaint is insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*