### K. KIEFEL v. THE STATE.

#### No. 3337.   Decided February 7, 1906.

**Local Option—Judgment—Misdemeanor.**

Where the defendant was convicted of violating the local option law and the judgment so recites, the same is sufficient, the offense being a misdemeanor it is not necessary that the judgment should show an offense eo nomine.

Appeal from the County Court of Grimes.   Tried below before Hon. E. T. Buckington.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. W. Meachum,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction is for violating the local option law, fine imposed being $25 and twenty days confinement in the county jail.   Appellant filed a motion to, quash the indictment.   The indictment follows the approved forms.   The statement of facts shows that appellant sold prosecuting witness a bottle of bitters; and the record further shows that other witnesses testified to facts showing that said bitters were intoxicating.   The charge of the court, together with the charges given at the request of appellant, properly present all the law to the jury.

Appellant in his brief insists that the judgment is insufficient, in that it does not name or show that appellant was convicted of any offense known to the law.   This judgment recites that appellant was convicted "for violating the local option law," and he contends this recital does not show an offense.   In a misdemeanor, it is not necessary that the judgment show an offense eo nomine of which appellant has been convicted.   Article 845, Code Criminal Procedure; Hill v. State, 11 Texas Crim. App., 379.   The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]