JERRY GREEN v. THE STATE.

*No. 1095.   Decided April 5, 1911.*

**Fornication—Information—Complaint.**

Where, upon trial for fornication, the complaint upon which the information was based merely alleged that affiant has good reason to believe, etc., but did not state that he does believe, the same was fatally defective.

Appeal from the County Court of Brown.   Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of fornication; penalty, a fine of $250. The opinion states the case.

*Harrison & Wayman,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was prosecuted by complaint and information on two counts, one for adultery and the other fornication.   He was convicted for fornication, that being the only ground submitted by the court in the charge.

The complaint upon which the information was based was by John Champion, who swore: "I have reason to believe that on or about June 1, 1910, in Brown County, Texas, Jerry Green, an unmarried

man, did unlawfully have habitual intercourse," etc. A motion was made in the lower court to quash the complaint and information, because the information did not charge in the terms of the statute that the party making the complaint stated, "I have reason to believe, *and do believe.* The words "and do believe" were omitted. The statute, article 257, Code Crim. Proc., requires this and this court has held in Tompkins v. State, 77 S. W. Rep., 800, and Smith v. State, 45 Texas Crim. Rep., 411, 76 S. W. Rep., 436, that this is necessary. The motion should have been sustained and the information on the charge of fornication should have been quashed.

We would dismiss this case but for the fact that the other charge of adultery is still in the case. If the State desires to proceed to charge the appellant with fornication it certainly must file a new complaint and information.

The cause is reversed and remanded.

*Reversed and remanded.*