BILL SCHULTZ V. THE STATE.

No. 20372. Delivered April 19, 1939.
Rehearing Denied May 17, 1939.
Second Motion for Rehearing Denied (Without Written Opinion)
May 24, 1939.

The opinion states the case.

*Bert Barr*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is an aggravated assault; the punishment, a fine of $500.00.

It was charged in the complaint and information, in substance, that appellant, while driving an automobile, willfully and negligently collided with Ruth Cerventes and caused injury to her person.

The proof on the part of the State was, in substance, as follows: Sam Hatter and his sister, the injured party, were riding in a 1929 Model A Ford Roadster on Zangs Street in the City of Dallas. When they reached the intersection of Sunset and Zangs Street he observed a Packard car about a half block away, which was traveling toward him at the rate of about sixty miles an hour. As he was driving across the intersection the Packard automobile struck his car on the right side and knocked it and its occupants about fifty feet up Sunset Street. Hatter was slightly injured and Ruth Cerventes received a fractured skull, which necessitated her removal to a hospital, where she remained three weeks. Appellant jumped out of the

Packard and fled from the scene of the accident. Speaking of the Packard, an officer testified: "He (appellant) left twenty three feet of skid marks before the impact and sixteen feet after the impact."

Appellant testified that he was driving about twenty or twenty five miles an hour at the time of the accident. His testimony on this point was corroborated by that of other witnesses. Also appellant gave testimony tending to show that the accident was unavoidable, and, further, that it was caused alone by the negligence of the driver of the car in which the injured party was riding. The court charged on both issues.

Several other requested charges were submitted by appellant and refused; but, as we view the testimony, appellant's rights were adequately protected when the court submitted the question as to whether the accident was unavoidable, and, further, whether it was caused by the negligence of the driver of the car in which the injured party was riding.

Bill of exception No. 1 relates to appellant's objection to testimony of Mr. Hatter to the effect that the injured party remained in the hospital "quite a while." The bill, as qualified, shows that the injured party testified, without objection, that she was in the hospital three weeks. The bill fails to present error.

Bill of exception No. 2 recites that the injured party was permitted to exhibit scars on her head to the jury. In qualifying the bill of exception the court states that the witness did not exhibit a scar, and that if it was seen by the jury it was because it was visible "without any effort or act of exhibition." As qualified, the bill fails to reflect error.

Bill of exception No. 3 is concerned with the reception in evidence of a photograph taken of the Packard car driven by appellant as it appeared immediately after the accident. As qualified, the bill shows that the picture represented a true and correct reproduction of the front end of appellant's car immediately after the collision. Under the circumstances, appellant's objection was properly overruled.

It is. shown in bill of exception No. 4 that appellant sought to have a police officer testify as to the provisions of certain traffic ordinances of the City of Dallas. The State objected on the ground that the ordinances would be the best evidence. This objection was properly sustained.

The testimony was sufficient to support the conviction. Hence

the court was warranted in overruling appellant's request that the jury be instructed to return a verdict of not guilty.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because of the fact that the complaint and information allege that he "* * * did then and there commit an aggravated assault in and upon the person of Ruth Cerventes by then and there willfully and with negligence colliding with and causing injury to the person of Ruth Cerventes. * * *" The complaint being based upon the proposition that the statute provides that one is guilty of an aggravated assault who "collides with or causes injury," etc., the offending portion of the complaint and information being the use of the word "and" in place of the word "or"; that is, the pleading being in the conjunctive and the statute being in the disjunctive, that the same charges no offense against the law. We are referred to the case of Tarver v. State, 83 Texas Crim. Rep. 275, as an authority for such proposition. In our opinion that case does not warrant such a reference. It does hold that the proper pleadings demanded that there should have been an allegation that the accused should have been charged with either willfully colliding with the injured party, or with gross negligence colliding with such party, but it goes further and holds that either or both of such allegations would have been proper, but in the Tarver case neither allegation was found in the pleading. That case goes still further and says: "We have a rule, however, that where the statutory words are not followed in the pleading that those employed must be of equal or greater significance than those employed in the statute." We have heretofore held that an information and complaint in this exact language was correct in the case of Young v. State, 47 S. W. (2d) 320. See also Huff v. State, 58 S. W. (2d) 113, and cases there cited.

We are also of the opinion that the facts support the allegation that not only did he, appellant, collide with the injured party, but also that he caused an injury to her. The statute means that such collision should be made with an automobile.

It can be made by either striking the person injured on his body, or by striking such person's automobile and causing the same to strike the body of the injured person, the intervening agency of the automobile collided with being but a further agency employed in the commission of the offense.

We find two affidavits relative to the testimony of a certain witness in this case. These will not be considered by us. We can not try this case on belated affidavits, presented in this Court on appeal for the first time.

The motion will be overruled.