## MRS. DORA COOK v. THE STATE.

No. 20501. Delivered October 25, 1939.

The opinion states the case.

*Bennett & Bennett,* of Normangee, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale in a dry area, and was fined the sum of $125.00.

There are many questions raised by appellant regarding the allegations contained in the complaint and information, some of which impress us as being meritorious.

It is observed that the complaint states that affiant has good reason to believe that, etc., but neglects to state that affiant *does* believe that appellant had committed the offense thereinafter charged.

Mr. Branch in his Penal Code, p. 248, Sec. 478, says: "When a complaint is sworn to only on belief it is bad if the allegation is that affiant 'has good reason to believe' and there is no allegation that he 'does believe.' Smith v. State, 45 Texas Crim. Rep. 411; 76 S. W. 436; Justice v. State, 45 Texas Crim. Rep. 462; 76 S. W. 437; Tompkins v. State, 77 S. W., 800; Green v. State, 62 Texas Crim. Rep. 50, 136 S. W. 467." Gribble v. State, 111 S. W. (2d) 276.

It is also to be noted that the jurat on such complaint is defective in that same is not signed officially by the person whose name is attached thereto. The official title of the officer should be shown thereon. See Branch's Penal Code, p. 249, Sec. 480, and authorities there cited.

We are also of the opinion that the order of the commissioners court directing the publication of the result of the election held in Walker County on February 29, 1936, relative to the prohibition of the sale of intoxicating liquors in said county, is not proof of such proper publication or posting. It is provided by statute, Art. 666-38 Vernon's Ann. Penal Code, as follows: "The order of said court declaring the result and prohibiting, the sale of liquor shall be published by the posting of said order at three (3) public places within the county, or the political subdivision in which the election was held, which fact shall be entered by the County Judge on the minutes of the Commissioners Court. An entry thus made or a copy thereof certified under the hand and seal of the Clerk of the Court shall be prima facie evidence of such posting."

We construe this article to mean that the entry, or a copy thereof, on the minutes of the commissioners court that such posting was had, would constitute prima facie evidence that such posting had been done. We do not think that an order directing such posting to be done would be sufficient.

For the errors pointed out in the complaint herein, this cause is reversed and the prosecution ordered dismissed.