B. C. GREESON V. THE STATE.

No. 21433. Delivered February 12, 1941.

116

The opinion states the case.

*Lawrence L. Bruhl,* of Llano, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

Conviction for a misdemeanor, punishment being assessed at a fine of $100.00.

The statute under which the prosecution proceeded (Article 567b, Vernon's Ann. P. C. of Texas) reads as follows:

"It shall be unlawful for any person, with intent to defraud, to obtain any money, goods, service, labor, or other thing of value by giving or drawing any check, draft, or order upon any bank, person, firm or corporation, if such person does not, at the time said check, draft, or order is so drawn, have sufficient funds with such bank, person, firm or corporation to pay such check, draft, or order, and all other checks, drafts, or orders upon said funds outstanding at the time such check, draft, or order was so given or drawn; provided that if such check, draft, or order is not paid upon presentation, the nonpayment of same shall be prima facie evidence that such person giving or drawing such check, draft, or order had insufficient funds with the drawee to pay same at the time the said check, draft, or order was given or drawn and that said person gave or drew such check, draft, or order with intent to defraud; and provided further that proof of the deposit of said check, draft, or

order with a bank for collection in the ordinary channels of trade and the return of said check, draft, or order unpaid to the person making such deposit shall be prima facie evidence of presentation to, and nonpayment of said check, draft, or order by the bank, person, firm or corporation upon whom it was drawn; and provided further that where such check, draft, or order has been protested, the notice of protest thereof shall be admissible as proof of presentation and nonpayment and shall be prima facie evidence that said check, draft, or order was presented to the bank, person, firm or corporation upon which it was drawn and was not paid."

The complaint avers, in substance, that the affiant had prima facie evidence that appellant, with intent to defraud, obtained money and merchandise by giving or drawing a check in the amount of two dollars on the Peoples National Bank of Lampasas, Texas. Further averments in the complaint were that the check was deposited with Moore State Bank of Llano, Texas, and returned unpaid to the party making the deposit. It is not directly charged in the complaint that the provisions of the statute were violated. If it was intended to make the charge upon information and belief, it is observed that the affiant failed to state that he had good reason to believe and did believe that the offense had been committed. We quote from Branch's Ann. Texas P. C., Section 478, as follows:

"When a complaint is sworn to only on belief it is bad if the allegation is that affiant 'has good reason to believe' and there is no allegation that he 'does believe.' Smith v. State, 45 Texas Crim. Rep. 411; 76 S. W. 436. Justice v. State, 45 Texas Crim. Rep. 462; 76 S. W. 437. Tompkins v. State, 77 S. W. 800. Green v. State, 62 Texas Crim. Rep. 50, 136 S. W. 467."

It is alleged in the complaint that the appellant gave or drew a check. The word "or" should not have been used.

The name of the person to whom the check was given is not averred. Such an averment was essential.

There is no averment that at the time the check was given appellant had no sufficient funds in the bank upon which the check was drawn to pay such check and all other checks, drafts and orders he had outstanding at the time the check was given. Under the circumstances, we are constrained to hold that the offense has not been sufficiently charged.

The information is also defective.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.