FRANK SWIFT V. THE STATE.

No. 21911. Delivered February 11, 1942.

352

The opinion states the case.

*Snell & Snell,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault. The punishment assessed is confinement in the county jail for a period of 30 days and a fine of $100.00.

It is charged in the complaint and information that on the 23rd day of June, 1941, Frank Swift "did then and there drive and operate a motor vehicle, to-wit, an automobile, on a public highway located in Harris County, Texas, and did then and there commit an aggravated assault in and upon the person of Miss Theodore Jacobs, by then and there willfully and with negligence colliding with and causing injury less than death to the person of Miss Theodore Jacobs," etc.

The testimony adduced shows that appellant, while driving an automobile on Fannin Street in the City of Houston, ran his car into that driven by B. H. Smith; that the collision caused the Smith car to turn almost around and strike Miss Jacobs, thereby knocking her down and otherwise inflicting injuries upon her person.

The case was tried before the court who found appellant guilty and assessed his punishment as above stated.

Appellant claims that the judgment is void for the reason that it does not state of what offense he was found guilty. The pertinent part of the judgment reads as follows:

"The Court having heard the Information read and evi-

dence submitted, finds the defendant guilty of Assault by Automobile and assesses the punishment at a fine of One Hundred Dollars and Thirty days in jail."

This prosecution was instituted and maintained under Section 1 of Chapter 12 of the Acts of the 46th Legislature, amending Article 1149 of the Penal Code, and providing as follows:

"If any driver or operator of a motor vehicle or motorcycle shall willfully or with negligence, as is, defined in the Penal Code, of this State in the title and chapter on negligent homicide, collide with or cause injury less than death to any other person he shall be held guilty of aggravated assault, and, upon conviction, shall be punished by fine. not less than Twenty-five ($25.00) Dollars nor more than One Thousand ($1,000.00) Dollars, or by imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment." (Acts of 46th Leg., Reg. Session, 1939, Vol. 1, p. 240).

While the judgment does not in express terms state that appellant is found guilty of an aggravated assault, yet it does state that the court finds that appellant committed an assault by the means of an automobile; and since an assault by the use of an automobile is declared by the statute to be an aggravated assault, we cannot escape the conclusion that the effect thereof is that the court found appellant guilty of an aggravated assault. This conclusion is supported by the punishment assessed. No such punishment could have been assessed for a simple assault. Hence we overrule this contention. Since the offense is a misdemeanor, we think that the case of Kiefel v. State, 49 Tex. Cr. R. 308, is decisive of the question here presented.

Appellant next contends that there is a variance between the allegation and the proof in this: that it was charged that he willfully, etc., caused his automobile to collide with and cause injury less than death to Miss Theodore Jacobs, while the proof showed that his car collided with the one driven by Mr. Smith and the Smith car struck Miss Jacobs and thus inflicted the injury. The intervening car was an agency which appellant, by his act and conduct, set in motion and was the proximate cause of the injury to Miss Jacobs, but for which the injury would not have been inflicted.

It will be noted that the offense may be committed in two

354

ways: one by colliding with a person, and the other by causing injury to a person. In the instant case, the complaint charged both ways of committing the offense, while the proof shows that the car which appellant drove collided with the automobile driven by one Smith and the Smith car struck Miss Jacobs and inflicted the injury. Hence the proof sustains the allegation. See Schultz v. State, 137 Tex. Cr. R. 164, 128 S. W. (2d) 36.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.