# JANUARY 27, 1943

### W. A. ADKINS v. THE STATE.

No. 22328. Delivered December 9, 1942.
Rehearing Granted January 27, 1943.

The opinion states the case.

*Hawkins & Myers,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $50.00 and thirty days in jail on a charge of procuring.

The record before us contains no bills of exception. The case was tried before the court without a jury and we are not advised as to the grounds for reversal which may be relied upon by appellant. Only two witnesses testified: The officer who made an investigation of the premises and the woman who was involved, according to the State's theory, at the instance of appellant. The officer's testimony made a case under the law, while the woman's evidence entirely exonerated him. Evidently the judge hearing the case did not believe her testimony. The guilt of the appellant depended upon his findings.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

On considering the motion for rehearing in this cause, we have re-examined the record and observe the following language of the complaint: "I, Harry G. Wood, being duly sworn do state upon my oath that I have good reason to believe that in said County, of Harris and State of Texas, heretofore on or about the 8th day of April, A. D., 1942, W. A. Adkins did then and there invite, solicit, procure and allure a female, to-wit Katherine Rutland, to be at a certain place to-wit: at a house, room and place located at 211 1/2 Milam *Milam* Street, in the city of Houston, Harris County, Texas, for the purpose of meeting and having unlawful sexual intercourse with a male person."

It will be observed that it is nowhere alleged that affiant "does believe" the things set out in the complaint. The fact that he had good reason to believe it is not sufficient: Art. 222 Sub. 2 C. C. P., Branch's P. C. Sec. 478, Cook v. State, 132 S. W. (2d) 404, Greeson v. State, 147 S. W. (2d) 804. This

defect was not called to our attention on original submission and was overlooked by us. While no complaint has been made in the motion for rehearing, we nevertheless consider it a fatal defect requiring that the motion for rehearing be granted and the judgment of the trial court be reversed and the prosecution ordered dismissed, which is accordingly done.