### Ex Parte Bill Glass.

No. 23883. Delivered October 22, 1947.

*J. V. Patterson,* of Decatur, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The charging part of the complaint, upon which this proceeding was based, reads as follows:

"I, ED SMITH, do solemnly swear that I have good reason to believe, that Bill Glass is about to commit an offense against my person or my property, to-wit: that he has on numerous occasions threatened my property, and had now threatened to do me bodily harm with a gun; against the peace and dignity of the State."

After a hearing thereon, relator was, by the justice of the peace sitting as a magistrate, required to enter into a peace bond in the sum of $2,000.00 and was committed to jail until he gave such bond. Relator, being unable to make the bond, sued out a writ of habeas corpus before the judge of the district court, claiming that he was illegally restrained of his liberty. After a hearing on the writ, the amount of the bond was reduced to $1,000.00 and relator was remanded to jail for one year, or until the required bond was made.

From this order, notice of appeal was given to this court.

By the affidavit of the sheriff it is shown that relator is now and has been continuously since May 20, 1947, confined in jail.

The pivotal question here presented is the sufficiency of the complaint to warrant the judgments entered.

A peace bond proceeding is instituted and rests, primarily, upon an oath of some person that an offense is about to be committed or is threatened. Art. 79, C. C. P. Here, the affiant to the complaint swears only that he has "good reason to believe" that an offense is about to be committed. Nowhere does the affiant state, in connection with his "good reason to believe," that he, the affiant, "does believe." We have repeatedly held that a complaint based only upon the affiant's "good reason to believe that an offense has been committed is insufficient to charge that the offense has been committed. Branch's P. C., Sec. 478. Cook v. State, 137 Tex. Cr. R. 492, 132 S. W. (2d) 404; Adkins v. State, 145 Tex. Cr. 287, 167 S. W. (2d) 1029; Betels v. State, 145 Tex. Cr. R. 368, 168 S. W. (2d) 499.

Believing that the complaint is insufficient to meet the demand of Art. 79, C. C. P. in the particular mentioned, the judgments remanding the relator to the custody of the sheriff are hereby reversed and relator is ordered discharged from custody thereunder.

Opinion approved by the Court.