## LEON McDUFFEY v. THE STATE.

No. 23835. Delivered December 17, 1947.

*Vincent Ferrell,* of Linden, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for aggravated assault with a motor vehicle; the punishment, a fine of $200.00.

The prosecution arose under Art. 1149, P. C., which reads as follows:

"If any driver or operator of a motor vehicle or motorcycle shall wilfully or with negligence, as is defined in the Penal Code of this State in the title and chapter on negligent homicide, collide with or cause injury less than death to any other person he shall be held guilty of aggravated assault, and, upon conviction, shall be punished by fine of not less than Twenty-five ($25.00) Dollars, nor more than One Thousand ($1,000.00) Dollars, or by imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment; unless such injuries result in death, in which event the driver or operator of any motor vehicle or motorcycle shall be dealt with under the general law of homicide."

The charging part of the information is as follows:

"One Leon McDuffey did then and there unlawfully, *Drive* and operate a motor vehicle, to-wit, and automobile, upon a public highway, to wit, State Highway Number 49, and did then and there commit an aggravated assault in and upon the person of Noble Rand, by wilfully and negligently driving said automobile toward the vehicle in which he, the said Noble Rand was riding, at such rate of speed and in such a manner as to cause him, the said Noble Rand to believe he was going to be struck by the automobile being so driven by him, the said Leon McDuffey, and to cause him, the Said Noble Rand, in an effort to avoid being so struck, to jump from the vehicle in which he, the said Noble Rand was riding, thereby causing him, the said Noble Rand to sustain bodily injury less than death, contrary to the statutes in such cases made and provided and against the peace and dignity of the State."

The information does not charge that the motor vehicle struck or collided with the injured party or with the vehicle in which he was riding.

Appellant insists that in the absence of such an allegation, no offense or violation of the statute is alleged.

The offense denounced by the statute is committed either willfully or negligently—if negligently, the negligence must be that as defined under the law of negligent homicide, which is negligence arising in the performance of a lawful act (Art. 1231, P. C.) or negligence arising in the performance of an unlawful act (Art. 1238, P. C.).

The information contains no allegation of negligence in either of the particulars mentioned.

The effect of the indictment, then, is to charge that appellant committed an aggravated assault, by wilfully driving and operating an automobile at such a rate of speed and in such a manner as to cause the injured party "to believe he was going to be struck by the automobile," which caused him to "jump from the vehicle in which he was riding," thereby causing him to sustain an injury less than death.

Reduced to its final analysis, then, the charge against appellant is that he drove an automobile at such a rate of speed and in such a manner that another person riding in another vehicle got scared and jumped therefrom, sustaining an injury as a result of his having so jumped.

For such acts on the part of appellant to constitute a violation of Art. 1149, P. C., that statute must be construed as making it an aggravated assault for the "driver or operator of a motor vehicle" to wilfully cause injury less than death to another person.

Such a construction would constitute the statute so vague and indefinite as to render it invalid and unenforceable. Moreover, the construction that has heretofore been given to Art. 1149, P. C. is that it contemplates that a collision or striking should be made with an automobile. Schultz v. State, 137 Tex. Cr. R. 164, 128 S. W. (2d) 36.

In the light of the conclusions expressed, it follows that the indictment fails to charge a violation of law.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.