Opinion approved by the Court.

## BELL v. STATE.
### No. 25178.

Court of Criminal Appeals of Texas.
March 21, 1951.

On Rehearing May 9, 1951.

Rehearing Denied June 20, 1951.

Davenport & Davenport, Walter Goldberg, of San Angelo, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This is a conviction for aggravated assault with a motor vehicle, with punishment assessed at a fine of $50.

The complaint upon which the information is predicated recites that the affiant thereto "had good reason to believe and charges * * *."

We have repeatedly held that, in obedience to the provisions of Sec. 2 of Art. 222, C.C.P., the affiant to the complaint must state, in addition to his good reason to believe, that he "does believe" that the offense alleged has been committed. Cook v. State, 137 Tex.Cr.R. 492, 132 S.W.2d 404; Betels v. State, 145 Tex.Cr.R. 368, 168 S.W.2d 499; Ex Parte Glass, 151 Tex. Cr.R. 23, 205 S.W.2d 46.

The complaint being fatally defective, the judgment is reversed and prosecution ordered dismissed.

Opinion approved by the Court.

On State's Motion for Rehearing.

BEAUCHAMP, Judge.

■ Supplemental transcript has been filed in this court which discloses that the language of the complaint discussed in the original opinion was not copied correctly in the transcript. Supplemental transcript brings forward a legal complaint. The state's motion for rehearing is granted and the cause is now considered on its merits.

The sole question presented on the appeal complains that the information in this cause is insufficient to charge the appellant with an offense as defined in Article 1149 of the Penal Code. Vernon's Ann.P.C. art. 1149. Reliance is had on Huff v. State, 123 Tex.Cr.R. 238, 58 S.W.2d 113.

We have considered the appellant's brief and the information in the light of the foregoing case and are of the opinion that the Huff case sustains the position of the state. It presents no authority in behalf of appellant's contention.

We find no reversible error and the judgment of the trial court is now affirmed.

On Appellant's Motion for Rehearing.

WOODLEY, Commissioner.

■ Appellant says that we were in error in holding the complaint and information to be sufficient without an allegation that appellant drove his automobile into the person injured, or into a vehicle in which such person was riding.

Art. 1149, P.C., Vernon's Ann.P.C. art. 1149, does not contain such language, though it has been construed to mean that the collision should be made with a motor vehicle. See Schultz v. State, 137 Tex.Cr. R. 164, 128 S.W.2d 36.

Appellant points out that in Huff v. State, 123 Tex.Cr.R. 238, 58 S.W.2d 113, the allegations of the complaint and information are not identical with the allegations here under attack.

The allegations here complained of do appear to be identical with those approved by this court in Young v. State, 120 Tex. Cr.R. 39, 47 S.W.2d 320; Warren v. State, 140 Tex.Cr.R. 119, 143 S.W.2d 620; and in Schultz v. State, supra.

Such allegations follow the language of the statute, and the form recommended in Willson's Texas Criminal Forms, 5th Ed., Form No. 505.

We remain convinced that the complaint and information are sufficient to charge the offense.

Appellant's motion for rehearing is therefore overruled.

Opinion approved by the Court.