## B. F. (LEFTY) FOWLER V. STATE.

No. 25261.   April 4, 1951.

State's Motion for Rehearing Granted May 9, 1951.
Appellant's Second Motion for Rehearing Denied (Without Written Opinion) June 30, 1951.

Hon. James G. Denton, Judge Presiding.

*Burks & McNeil,* by *Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is the unlawful possession of whisky for sale in a dry area; the punishment, a fine of $200.

The complaint upon which the information is predicated recites that the affiant thereto "has good reason to believe and charge. . . ."

We have repeatedly held that, in obedience to the provisions of Sec. 2, of Art. 222, C. C. P., the affiant to the complaint must state, in addition to his having good reason to believe, that he does believe that the alleged offense has been committed. Bell v. State, 240 S.W. (2d) 302; Cook v. State, 137 Tex. Crim. Rep. 492, 132 S.W. 2d 404.

The complaint being fatally defective, the judgment is reversed and prosecution ordered dismissed.

Opinion approved by the court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Since the original opinion in this case was announced supplemental transcript has been filed curing the defect pointed out as ground for dismissing the prosecution. In view of this, the state's motion for rehearing is granted and the case will now be considered on its merits.

The evidence shows that three representatives of the Texas Liquor Control Board, together with officers of the city of Lubbock and Lubbock County, went to the home of appellant on the 10th day of October, 1950, armed with a search warrant. As the fruits of their search they recovered fourteen pints of intoxicating liquor. Appellant was present, admitted that it was his residence and declared that he had other whisky which they had not found. This summarizes the material evidence in the case and supports the jury's verdict.

The record contains two lengthy bills of exception. The first one complains of Section 2 of the court's charge, as being on the burden of proof. Objection is made that this was on the weight of the evidence. In addition, the bill shows that appellant presented a special requested charge on this subject which the court refused to give.

We find no fault with the charge as given by the court, and it, thereby, became unnecessary to give the requested charge.

Apparently Bill of Exception No. 2 is directed to the sufficiency of the evidence. It is contended that there was present other than the appellant, one lady; that the closet where the whisky was found is not sufficiently described in that there is no showing as to whether or not there were any clothes in the closet or the suitcase, nor whether such clothes, if any, were men's clothes or women's clothes; no showing as to who owned the house, who paid the utility bills or the phone bills, if any; no showing as to who had placed the whisky in the closet or when it was placed there; and no showing as to who owned or possessed the whisky, "* * * except as herein shown."

The bill seems to complain, further, that the court refused to give requested charge on circumstantial evidence.

If this bill should be considered in compliance with law, the court destroys the effect of it by his qualification. The record of the case substantiates that qualification and the bill does not show error.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Appellant complains of our disposition of his Bill of Exception No. 2 in which he sought to have this court review the failure of the trial court to charge on circumstantial evidence. Upon re-examination of the bill and appellant's objections to the court's charge, it is apparent that appellant did not bring himself within the rule in misdemeanor cases. In such cases it is obligatory that appellant do three things:

(1) Object to the court's charge,

(2) Except to the overruling of his objection, and

(3) Submit a requested charge.

We find no objection to the court's charge on such grounds.

In his Bill of Exception No. 1 appellant complains of the use of the phrase "such facts" in the court's charge on the burden of proof. He forcefully contends that such charge is on the weight of the evidence. The complained of portion thereof is set forth in our opinion in Booker v. State, #25,327, (page 325 of this volume), 242 S.W. 2d 393.

We do not encourage trial courts to vary from time-honored charges, but the fact that they sometimes do, does not necessarily constitute reversible error.

We have heretofore commended counsel for appellant on the form of their bills of exception. We now applaud the fearless and logical manner in which they prepare their briefs. This court is always ready to re-examine its decisions and appreciates our attention being called to any oversight.

Finding no reversible error, appellant's motion for rehearing is overruled.