CLAUDE JEROME JONES V. STATE

No. 27,994. February 1, 1956.

*Martin & Shown,* by *W. E. Martin,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault with a motor vehicle as defined in Art. 1149 V.A.P.C. Trial was before the court on a plea of not guilty, and the court, at the conclusion of the evidence, found appellant guilty and assessed his punishment at 30 days in jail and a fine of $100.

The information followed the allegations of the complaint and alleged that appellant drove an automobile "and did then and there commit an aggravated assault in and upon Fay Reimars by then and there wilfully and with negligence colliding with and causing injury less than death to the person of the said Fay Reimars."

The undisputed evidence was that the injured party was a passenger in the car appellant was driving, and that she received serious injuries as a result of the car having struck a utility pole. There is sufficient evidence to support the finding that appellant's negligence caused the automobile to strike the pole.

It is the theory of the state that Art. 1149 V.A.P.C. is violated when the driver of an automobile fails to use ordinary care and thereby causes an injury to a guest passenger in his automobile.

It is true, as contended by the state, that the proof sustains the information wherein it alleges that appellant drove an automobile, and did — with negligence — cause injury less than death to the person of Fay Reimars.

It is equally true that the evidence does not establish, but refutes, the allegation of the information that appellant committed an aggravated assault by colliding with Fay Reimars.

The state directs our attention to Swift v. State, 143 Tex. Cr. R. 351, 158 S.W. 2d 775, wherein this court noted "that the offense (violation of Art. 1149 V.A.P.C.) may be committed in two ways, one by colliding with a person, and the other by causing injury to a person."

The facts in Swift's case were that while driving an automobile he collided with another car, which in turn struck and injured the prosecuting witness.

McDuffey v. State, 151 Tex. Cr. R. 203, 206 S.W. 2d 601, supports appellant's contention that the evidence is insufficient to sustain the conviction.

In holding that the facts alleged did not constitute a violation of Art. 1149 V.A.P.C., this Court said:

"Reduced to its final analysis, then, the charge against appellant is that he drove an automobile at such rate of speed and in such a manner that another person riding in another vehicle got scared and jumped therefrom, sustaining an injury as a result of his having so jumped.

"For such acts on the part of appellant to constitute a violation of Art. 1149, P.C., that statute must be construed as making it an aggravated assault for the 'driver or operator of a motor vehicle' to wilfully cause injury less than death to another person.

"Such construction would constitute the statute so vague and indefinite as to render it invalid and unenforceable. Moreover, the construction that has heretofore been given to Art. 1149, P.C., is that it contemplates that a collision or striking should be made with an automobile. Schultz v. State, 137 Tex. Cr. R., 164, 128 S.W. 2d 36."

If Art. 1149 V.A.P.C. is not violated by the wilful act of the

driver of a motor vehicle which causes injury to a person, it must follow that injury to a passenger in a motor vehicle caused by the negligence of the driver thereof does not constitute an aggravated assault with a motor vehicle as defined in said Article 1149 V.A.P.C.

The evidence being insufficient to sustain the conviction, the judgment is reversed and the cause remanded.