OTIS FANNIN, JR. V. STATE.

No. 31,231. January 13, 1960.

*Aubrey H. Poole,* Houston, for appellant.

*Dan Walton,* District Attorney, *Howell E. Stone,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault with a motor vehicle; the punishment, 30 days in jail and a fine of $50.

The complaint and information charged that appellant drove an automobile in Harris County "and did then and there commit an aggravated assault in and upon Linda M. Hamilton by then and there wilfully and with negligence colliding with and causing injury less than death to the person of the said Linda M. Hamilton."

The undisputed evidence shows that an automobile driven by Mr. Hamilton, traveling east on Highway 73, ran into the side of the automobile driven by appellant as it entered said highway from the south on Mackie Road. Linda M. Hamilton, a passenger in the car driven by her father, was injured as a result of the collision.

The state's contention was that appellant was negligent in driving his automobile into the path of the Hamilton car; in failing to stop at a stop sign at the intersection; and in making no effort to avoid the collision.

Appellant contends there is no evidence to sustain a finding that he was negligent.

We find it unnecessary to pass upon these issues for the reason that no assault is shown to have been committed on the injured girl.

The information alleged that appellant "collided" with Linda M. Hamilton.

This court has held that such an allegation may be sustained by proof that the motor vehicle driven by the defendant struck the person injured on his body, or struck another vehicle causing it to strike the body of the injured person, "the intervening agency of the automobile collided with being but a further agency employed in the commission of the offense." Schultz v.

State, 137 Texas Cr. Rep. 164, 128 S.W. 2d 36. See also Warren v. State, 140 Texas Cr. Rep. 119, 143 S.W. 2d 620.

In Swift v. State, 143 Texas Cr. Rep. 351, 158 S.W. 2d 775, proof that Swift ran his car into a car driven by one Smith, causing the Smith car to strike a pedestrian, sustained and was not at variance with the allegation that Swift caused his automobile to collide with and cause injury to said pedestrian.

On the other hand, in McDuffey v. State, 151 Texas Cr. Rep. 203, 206 S.W. 2d 601, McDuffey drove his automobile in such negligent manner that a passenger in another vehicle got scared and jumped therefrom and sustained injuries as a result thereof. This we held did not constitute a violation of Art. 1149 V.A.P.C.

And in Jones v. State, 162 Texas Cr. Rep. 451, 286 S.W. 2d 427, we held that Art. 1149 V.A.P.C. was not violated when the driver of an automobile, by his negligence, caused an injury to a passenger riding with him, there being no assault by colliding with his passenger.

For like reason, the evidence does not show that appellant committed an assault upon the passenger in the automobile which ran into and struck the side of the automobile he was driving. It is not enough that his negligence may have been a proximate cause of the collision. McDuffey v. State, supra.

The judgment is reversed and the cause remanded.