## JOHN OLIVER V. STATE

No. 32,717.   January 18, 1961

John R. Francis, and W. E. Martin, (on appeal only), both of Houston, for appellant.

Dan Walton, District Attorney, Carl E. F. Dally, F. Lee Duggan, Jr., Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

BELCHER, Judge.

The trial was before the court on a plea of not guilty to the offense of aggravated assault with a motor vehicle as defined in Art. 1149, V.A.P.C. The court found the appellant guilty and assessed his punishment at a fine of $250.

In a formal bill of exception the trial court certified that at the time of the impact appellant's motor "Vehicle was, and had been for some period of time, stopped on the highway and was not then in motion." The bill further recites "that while his (appellant's) said vehicle was so stopped, and not in motion, the injured party, traveling said highway in a northward direction in his vehicle, ran his vehicle into the defendant's parked vehicle and from the impact of thus striking the defendant's standing vehicle was injured."

The statement of facts confirms the bill of exception.

In order to constitute the offense of aggravated assault with a motor vehicle, the driver while operating such vehicle must wilfully or negligently collide with or cause injury less than death to another person. McDuffey v. State, 151 Tex. Cr. Rep. 203, 206 S.W. 2d 601; Jones v. State, 286 S.W. 2d 427; Fannin v. State, 331 S.W. 2d 47.

The evidence does not show that the appellant committed an assault upon the driver of the automobile which ran into and struck his motor vehicle which was and had been stopped for some time.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.