## MORRIS JAY MCCOLLUM V. STATE

No. 33,056.   March 8, 1961
Rehearing Overruled April 12, 1961
Second Motion for Rehearing Overruled May 17, 1961

WOODLEY, Presiding Judge, absent.

*Pledger, Pledger & Foster*, by *John E. Pledger, Jr.*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Carl E. F. Dally, James R. James, Assistants* District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is under Art. 1149, V.A.P.C. for the offense of aggravated assault with a motor vehicle; the punishment, a fine of $25.

The information charged that the appellant, while operating a motor vehicle upon a public highway, did unlawfully commit an aggravated assault upon Foursee McFadden, Jr., by negligently colliding with the motorcycle McFadden was driving and injuring him, which was caused by the appellant negligently failing to guide his car away from said motorcycle; failing to keep a proper lookout for said motorcycle; and failing to yield the right-of-way to said motorcycle.

About 1 P.M. the injured party was operating a motorcycle in a northerly direction on his right hand side of Chocolate Bayou Road, and the appellant was driving an automobile in a southerly direction on his right hand side of said road. In making a left turn immediately before or as he entered an intersection, the appellant turned his car in front of the motorcycle causing his right front fender to collide with the front wheel of the motorcycle. Appellant's car skidded three feet beyond the point of impact. The driver of the motorcycle was seriously injured.

Appellant did not testify or offer any evidence in his behalf.

Appellant contends that there is no evidence that an assault or striking was committed by the appellant or that he committed any act or acts of negligence, hence this conviction cannot stand.

The offense of assault with a motor vehicle may be committed by the collision of the vehicle with the person's body or with the vehicle in or on which the person is riding thereby causing injury

to such person. 8 Tex. Jur. 2d 12, Sec. 373; Schultz v. State, 137 Tex. Cr. R. 164, 128 S.W. 2d 36; Swift v. State, 143 Tex. Cr. R. 351, 158 S.W. 2d 775.

The evidence is sufficient to show that the appellant while operating his automobile by either, or all, or any combination of the acts alleged negligently collided with the motorcycle thereby causing injuries less than death to the operator thereof. Therefore appellant's contention is overruled.

The evidence sustains the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant strenuously insists that the evidence is insufficient to sustain the conviction because there was no proof that his automobile struck either the injured party or the motorcycle upon which he was riding, but on the contrary the evidence shows that the motorcycle struck appellant's automobile. Appellant insists that, upon such facts, the conviction cannot be sustained under our holding in Fannin v. State, 168 Tex. Cr. R. 593, 331 S.W. 2d 47.

Under the facts, we do not deem Fannin v. State, supra, here controlling.

In the Fannin case, the information alleged that the accused "collided" with Linda M. Hamilton, the injured party, and the evidence was undisputed that the automobile in which she was riding ran into the automobile driven by the accused. There was an absence of any proof that the accused "collided" with the injured party as alleged in the information. In the case at bar, the information did not allege that appellant committed the aggravated assault by "colliding" with Foursee McFadden, Jr., the injured party, but that he committed the assault "* * * by then and there negligently colliding with a motor vehicle, to-wit, a motorcycle * * * being driven by the said Foursee McFadden, Jr. * * *." The evidence adduced in the instant case, including the testimony of the two investigating officers, is sufficient to

support the finding of the jury that appellant negligently collided with the motorcycle being driven by the injured party as alleged in the information.

Remaining convinced that a proper disposition was made of the case in our opinion on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.