George D. ABBE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43989.

Court of Criminal Appeals of Texas.

July 14, 1971.

Jones, Blakeslee, Minton, Burton & Fitzgerald by John L. Foster, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for defrauding with a worthless check as denounced by Art. 567b, Vernon's Ann.P.C.; trial was before the court on a plea of not guilty, and the punishment was assessed at three years.

The record reflects that on April 22, 1969, the appellant purchased some clothes from the Slax Men's Wear in Austin. He gave a check and received the difference in cash. The check was returned to the store because of insufficient funds. Notice by certified mail was sent to the appellant and notes were left in his mailbox. The check was not paid within 10 days after the notice was sent. By the time the appellant contacted the manager, Dennis R. Johns, the check had been turned over to the owner of the store.

The appellant testified that he was the owner of the company on whom the check was written. At the time of this transaction, the company was in financial difficulty. At the time he gave the check, he knew he did not have sufficient funds in the bank. He further testified that at the time of trial he could make restitution and would do so.

The appellant first contends that there is a fatal variance between the indictment and the proof. The indictment alleged that the check was delivered to Dennis *Jones*. The proof showed it was delivered to Dennis R. *Johns*. (Emphasis added).

The name of the person to whom a check is given, where there are not sufficient funds to pay the same, is an essential allegation under Art. 567b, supra. Greeson v. State, 141 Tex.Cr.R. 115, 147 S.W.2d 804. If the name of the receiver of the alleged instrument is misstated there exists a fatal variance between the allegation and proof. Pitt v. State, 172 Tex.Cr.R. 637, 362 S.W.2d 117.

In Pitt v. State, supra, the difference was between *Simpkins* and *Simpson*. This Court held that they were not idem sonans and reversed.

In Jackson v. State, 419 S.W.2d 370, this Court held that there was a fatal variance between Stillman and Spearman and reversed. The Court said that "Sound, not spelling of a name, controls in determining similarity of names." See: Fowler v. State, Tex.Cr.App., 379 S.W.2d 345.

Since sound, not spelling controls, this Court held in Hammond v. State, Tex.Cr. App., 465 S.W.2d 748, that Herrington and Harrington were idem sonans. See: Dears v. State, Tex.Cr.App., 465 S.W.2d 376.

Under these cases, we hold Jones and Johns are not idem sonans because they do not sound alike to the attentive ear. Therefore, a fatal variance exists between the indictment and the proof, and the conviction cannot stand.

The judgment is reversed and the cause is remanded.